FILED
2013 Apr-03 PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| OTIS ELEVATOR COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 12-J-1708-NE |
| W.G. YATES & SONS CONSTRUCTION COMPANY, a/k/a Yates Construction, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the court is plaintiff, Otis Elevator Company's ("Otis") motion for partial summary judgment(doc. 43), its brief in support of said motion and evidentiary submissions (doc. 44 & 45), defendant W. G. Yates & Sons Construction Company's ("Yates") response (doc. 49), its brief in opposition to Otis' motion (doc. 50), and Otis' reply (doc. 52).

Plaintiff Otis filed this action for breach of contract alleging that Yates has failed to pay Otis the money owed Otis under the subcontract with Yates of December 7, 2010. Otis also alleges that said breach is remediable under the Alabama Prompt Pay Act, Ala. Code § 8-29-1, *et seq.*, which provides for interest at 12% per annum plus attorney's fee. Second Amended Complaint, Count I (doc. 8), and Third Amended Complaint, Count IV (doc. 25).

Yates filed a counterclaim alleging that Otis breached the subcontract at issue by failing to install escalators with a step width of 40 inches and by failing to call to the attention of Yates that Otis was deviating from the Contract Documents by

furnishing and installing escalators with a step width of 32 inches, resulting in damages to Yates for the costs to remedy said alleged breach. Counterclaim, ¶ 15 (doc. 11).

## FACTUAL BACKGROUND

The subcontract in question arose out of a baggage claim expansion project for Huntsville Madison County Airport Authority (the "Owner"). *See* Second Amended Complaint, Count I (doc. 8), and Third Amended Complaint, Count IV (doc. 25). The facts are set out in the court's Memorandum Opinion dated December 12, 2012, (doc. 39), and the court hereby adopts these facts by reference.

## STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F. 3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814

F. 2d 607, 609 (11th Cir. 1987). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F. 2d 1077, 1080 (11th Cir. 1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F. 2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F. 3d 1169, 1181 (11th Cir. 2005). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F. 3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F. 3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v.*

3

*American Honda Motor Co.*, 939 F. 2d 946, 953 (11th Cir. 1991).

## LEGAL ANALYSIS

Plaintiff Otis "moves for partial summary judgment holding Yates liable for $191,963.70, plus interest and attorney's fees, pursuant to violation of Ala. Code § 8-29-1, *et seq*. (The 'Alabama Prompt Pay Act'), based upon Yates' failure to provide timely written notice of disputed invoices as required under Ala Code § 8-29-4(c)." (doc. 43) at 1. Defendant responds that partial summary judgment should be denied because: (1) the Alabama Prompt Pay Act is inapplicable to the parties' contract; (2) Otis owes damages to Yates in excess of Otis' billings and the Act cannot apply to amounts which are not due and payable; (3) Yates complied with the Act to the extent applicable to the circumstances at issue, (4) Otis admitted in writing that Yates gave notice of intention to withhold payment, permitted under their Subcontract, on account of deficiencies in the escalators installed by Otis, and Otis' written admission of actual notice estops Otis from alleging that Yates failed to give notice under the Act; (5) the Act's remedies are limited to recovery of interest, attorneys' fees, and costs but do not authorize the forfeiture of a disputed principal sum before an adjudication of whether that sum is actually owed; and (6) genuine issues of material fact preclude the granting of partial summary judgment to Otis. (doc. 49).

The Alabama Prompt Pay Act requires "An owner is required to notify a contractor in writing within 15 days of receipt of any disputed request for payment.

A contractor, subcontractor and sub-subcontractor is required to provide written notification within 5 days of disputed request for payment or notice of disputed request for payment." ALA. CODE § 8-29-4(c). Defendant's first argument is that pursuant to Alabama Code §8-29-7(4), the Alabama Prompt Pay Act does not apply to Alabama public projects. That Code section states: "This chapter does not apply to the following: . . . (4) Contracts with the state or local governments of the State of Alabama."

The Owner in this contract is the Huntsville-Madison County Airport Authority. The subcontract between Yates and Otis expressly incorporates the contract between the Owner and the Contractor (Yates). (doc. 50) at 25. "The Huntsville-Madison County Airport Authority (HMCAA) is a public corporation under the laws of the State of Alabama." http://www.flyhuntsville.com/portal/ (Last accessed 4/1/2013). "A public corporation is a separate entity from a county, city, or town, and is not a subdivision of the state. Moreover, a public corporation is not the alter ego or agent of the county or the municipality in which it is organized." *Dobbs v. Shelby County Econ. & Indus. Dev. Auth.*, 749 So. 2d 425, 430 (Ala. 1999) (citing *Smith v. Industrial Dev. Bd. of the City of Andalusia*, 455 So.2d 839 (Ala.1984)). The contract is, therefore, not a contract with a state or local government of the State of Alabama and the exclusion from the Alabama Prompt Pay Act found in Alabama

5

Code § 8-29-7(4) is not applicable.[1] *See generally Diamond Concrete & Slabs, LLC v. Andalusia-Opp Airport Auth.*, 103 So. 3d 73, 74 (Ala. Civ. App. 2011) cert. quashed, 103 So. 3d 83 (Ala. 2012) (finding that an airport authority and contractor had violated the Alabama Prompt Pay Act).

Defendant next contends that Otis owes damages to Yates in excess of Otis' billings and the Act cannot apply to amounts which are not due and payable and that Yates complied with the Act to the extent applicable to the circumstances at issue. Neither of these contentions will relieve defendant of liability under the Act if defendant failed to provide written notice to Otis "within 5 days of disputed request for payment or notice of disputed request for payment."

Otis submitted requests for payment on January 10, 2012 for $14,003.10; on February 2, 2012 for $113,610.60; and on April 26, 2012 for $64,350.00. *See* (doc. 45-2) at p. 3 of 6, Response No.3. In its interrogatory answers, Yates stated: "Prior to Heather Bennett's letter of May 22, 2012, Yates did not provide written notification within 5 days of receipt of Otis' invoices of a dispute with respect to those specific invoices ....See Doc. #45-2, p. 4, response No.4.

Defendant is correct that the Alabama Prompt Pay Act, allows a general contractor such as Yates to withhold payment from a subcontractor such as Otis for

---

[1] It should be noted that there are prompt pay requirements imposed on public contracts under other sections of the Alabama Code. *See* ALA. CODE § 41-16-3(c) ("An owner is required to notify a contractor in writing within 15 days of receipt of any disputed request for payment. A contractor, subcontractor, and sub-subcontractor is required to provide written notification within five days of disputed request for payment or notice of disputed request for payment.").

listed reasons, including defective construction not remedied and disputed work. ALA. CODE §8-29-4(a)(2) and (3). However, the right to withhold payment is conditioned on the general contractor providing prompt written notice to the subcontractor of any disputed request for payment. ALA. CODE §8-29-6 provides that a subcontractor may file a civil action against a party contractually obligated for payment and if the court finds that the contractor "has not made payment in compliance with this chapter, the court shall award the interest specified in this chapter in addition to the amount due." ALA. CODE §8-29-6. That same section also provides that the "party in whose favor a judgment is rendered shall be entitled to recover payment of reasonable attorney's fees, court costs and reasonable expenses from the other party." *Id.* (emphasis added). Here, Yates has failed to comply with Ala. Code §8-29-4(c) because it received invoices from Otis and failed to provide written notice of dispute within the time allotted under the statute.

Yates next claims that Otis admitted in writing that Yates gave notice of intention to withhold payment. In support of this contention, Yates has attached a draft complaint provided to Yates' in-house counsel by Otis' in house counsel. (doc. 49) Ex. B, att 1. The alleged omission is found in paragraph 18 of the proposed complaint which states in part: "Yates has informed Otis that it does not intend to pay Otis the remainder of the money owed under the subcontract." *Id.* at ¶18. Paragraph 27 of the same document, however, states: "The failure of Yates to pay Otis is a

breach of contract and is also remediable under the Alabama Prompt Pay Act. . . ." The draft complaint does not state that Yates provided Otis with *written* notice as required by the Act and asserts that Yates has failed to comply with the Act, therefore, it does not establish an omission by Otis.

The defendant next contention admits that the Alabama Prompt Pay Act provides for recovery of interest, attorneys' fees, and costs. The defendant, however, claims that an award to plaintiff amounts to "the forfeiture of a disputed principal sum before an adjudication of whether that sum is actually owed." Whether "Otis owes Yates for damages caused by furnishing and installing non-conforming escalators or whether Yates owes Otis on account of an unjustified rejection of the escalators by the Owner" is at the center of this case. Brief in Opp. (doc. 50) p. 18; *see also Otis Elevator Co. v. W.G. Yates & Sons Const. Co.*, CV 12-J-1708 NE, 2012 WL 6186168 (N.D. Ala. Dec. 12, 2012) (finding genuine issues of fact exist as to whether the work performed conformed with the contract). The Alabama Prompt Pay Act requires that: "Performance by a contractor, subcontractor, or sub-subcontractor *in accordance with the provisions of his or her contract* entitles them to payment from the party with whom they contract." ALA. CODE § 8-29-2 (emphasis added). The fundamental dispute between the parties is whether or not Otis' performance was in accordance with the provision of the contract, therefore, material issues of fact exist as to whether Otis performed within the provisions of the contract entitling it to payment.

As previously discussed the Alabama Prompt Pay Act calls for prompt *written* notice of a contractor's intent to dispute a request for payment by a subcontractor. The Act further states: "If the court finds in the civil action that the owner, contractor, or subcontractor has not made payment in compliance with this chapter, the court *shall* award the interest specified in this chapter in addition to the amount due." ALA. CODE § 8-29-6 (emphasis added). Yates has not made payment in compliance with the Act, because, the Act requires a contractor to provide prompt written notice before withholding payment.

While there are no genuine issues of material fact that preclude a finding that Yates' failed to comply with the notice requirement of the Alabama Prompt Pay Act, issues of material fact remain on the amount owed, if any, to Otis under the contract. Yates failed to give the required written notice of its intention to withhold payment and has therefore violated the Act. If payment is found to be due to Otis, Otis shall be awarded the recovery of interest, attorneys' fees, and costs.

## CONCLUSION

Having considered the foregoing, plaintiff's motion (doc. 43) for an order entering judgment in the amount of $191,963.70 is due to be **DENIED** because material issues of fact remain as to whether Otis performed in accordance with the contract. Plaintiff has established that Yates failed to comply with the Alabama Prompt Pay Act, therefore, any amount found due Otis shall be awarded interest,

attorneys' fees, and costs as provided in the Act. The court shall so order by Separate Order.

**DONE** and **ORDERED** this 3rd day of April 2013.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE